UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor V., | File No. 25-CV-4480 (JMB/ECW) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*, Kristi Noem, *Secretary, U.S. Department of Homeland Security*, Department of Homeland Security, Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, Immigration and Customs Enforcement, David Easterwood, *Acting Director, St Paul Field Office Immigration and Customs Enforcement*, and Ryan Shea, *Sheriff of Freeborn County*; | **ORDER** |
| Respondents. | |

David L. Wilson and Katherine Lourdes Santamaria El Bayoumi, Wilson Law Group, Minneapolis, MN, for Petitioner Victor V.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, and David Easterwood.

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center, Albert Lea, MN, for Respondent Ryan Shea.

This matter is before the Court on Petitioner Victor V.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement (ICE), David Easterwood, and Ryan Shea

1

(together "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition to the extent it seeks an order requiring that Victor V. be provided a bond hearing.

## BACKGROUND

Victor V., a native and citizen of Mexico, entered the United States without inspection around 2003. (Pet. ¶¶ 31–32.) On November 21, 2025[1], ICE officers encountered Victor V. in St. Paul, Minnesota, outside of his residence during ICE fugitive operations. (Doc. No. 13-1 at 2.) After conducting a records check, ICE officers determined that Victor V. was illegally present in the United States and arrested him. (*Id.* at 1–2.) Respondents served Victor V. with a Notice to Appear, charging him under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. No. 13 at 2.) Victor V. remains in ICE detention at the Freeborn County Jail in Albert Lea, Minnesota pending removal proceedings. (Pet. ¶ 3.)

On November 26, 2025, Victor V. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) In addition to requesting a bond hearing (Pet. at 26, ¶ 5), Victor V. also seeks a variety of additional relief, including various declaratory judgments: that Respondents actions were arbitrary and capricious, violated immigration regulations, and violated the Fifth Amendment Due Process Clause (*id.* at 26, ¶¶ 6–8). On

---

[1] In Victor V.'s Petition and the Court's subsequent Order on Victor V.'s Motion for a Temporary Restraining Order (Doc. No. 10), it is stated that Victor V.'s first encounter with ICE occurred on October 21, 2025. However, Respondents provided documentation to the Court showing that the correct date of the encounter is November 21, 2025. (*See* Doc. No. 13 at 2; Doc. No. 13-1 at 1–2.)

December 2, 2025, Victor V. also filed an emergency motion seeking a temporary restraining order (TRO) to enjoin Respondents from moving him outside of the District of Minnesota during the duration of this action, and to require Respondents to provide him with a bond hearing in according with § 1226(a). (Doc. No. 5 at 2.)

The Court granted Petitioner's TRO in part, enjoining Respondents from removing him from this District. (Doc. No. 10.) The Court now turns to Victor V.'s Petition for a writ of habeas corpus.

## DISCUSSION

Respondents first argue that the Court lacks jurisdiction to hear the case, and second that Victor V.'s claims fail on their merits because 8 U.S.C. § 1225(b) makes his detention mandatory. For the reasons discussed below, the Court concludes that it has jurisdiction over Victor V.'s Petition and that Victor V. is entitled to a bond hearing pursuant to section 1226(a)(1) because section 1225(b) is not applicable to him. The Court grants Victor V.'s Petition in part and issues an order requiring that he be provided a bond hearing.[2]

### A.   Legal Analysis

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). The right to challenge the legality of a person's confinement through a petition for a writ of habeas

---

[2] Because a bond hearing is the primary relief available under 28 U.S.C. § 2241, the Court declines to address the remaining relief requested, including relief under the Administrative Procedures Act (APA) and the Due Process Clause of the Fifth Amendment.

3

corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.   Jurisdiction

Respondents argue that under 8 U.S.C. § 1252(g), the Court is precluded from reviewing Victor V.'s Petition. (Doc. No. 12 at 8–12.) Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate proceedings, or execute removal orders." 8 U.S.C. § 1252(g). This is a narrow provision that strips district courts of their jurisdiction in only the following three circumstances: decisions to commence proceedings, adjudicate proceedings, or exclude removal orders. *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *4 (D. Minn. Oct. 1, 2025) (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)); *see Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 591 U.S. 1, 19 (2020). Victor V., however, is not challenging the implementation of section 1225. Nor is he seeking judicial review of a final order of removal, an order of detention, or review of any discretionary action of the Attorney General or the Department Homeland Security. Instead, Victor V. challenges Respondents' argument that his detention is mandatory under section 1225(b). Therefore, this Court finds that § 1252(g) does not bar review of Victor V.'s Petition by the Court.

### C.  Applicability of Section 1226(a)(1)

The fundamental question raised in this case is whether Victor V. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226. Respondents argue that because Victor V. is a noncitizen who is present in the United States without having been admitted, he is an "applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2). (Doc. No. 12 at 4–6.) Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5–6 (collecting cases); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); (Pet. ¶ 63) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain

5

meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Victor V. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*,

6

*Maldonado*, 2025 WL 2374411, at *11–12 (discussing the longstanding practice of noncitizens who resided in the United States, but who had entered without inspection, as being treated subject to section 1226(a)).

Therefore, because section 1225(b) is inapplicable to Victor V., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Victor V. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Victor V.'s detention is governed by § 1226(a), and he is not subject to §1225(b)'s mandatory detention.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Victor V.'s Petition for a writ of habeas corpus is GRANTED in part as follows:

1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before December 12, 2025.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. Within seven days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, parties shall advise the Court whether

7

any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 9, 2025                                /s/ *Jeffrey M. Bryan*
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court